

SUPREME COURT OF GEORGIA
Case No. S24H1293

November 4, 2025

The Honorable Supreme Court met pursuant to adjournment.

The following order was passed:

HUNTER MASON DAVIS v. JEFF COLEMAN, WARDEN.

On September 30, 2025, this Court dismissed Hunter Mason Davis's effort to appeal the June 11, 2024 order denying his petition for a writ of habeas corpus because neither Davis's notice of appeal nor his application for a certificate of probable cause to appeal was timely filed. See OCGA § 9-14-52(b), *Fullwood v. Sivley*, 271 Ga. 248, 250 (1999). Davis timely filed a motion for reconsideration arguing that this Court's ruling must have been premised on the "final order in this case having been signed, and apparently accepted into the Ware County Clerk's Office, on June 11, 2024." He argues that, because habeas cases are civil in nature, OCGA § 15-6-11(b)(1) requires the final order to be filed electronically and OCGA § 15-6-11(e) requires that the order be deemed as filed "as of the time of its receipt by the electronic filing service provider." Davis then argues that, in his case, the electronic filing service provider, PeachCourt, did not receive the final order for filing until June 12, 2024, as evidenced by the fact that both the habeas court's record index and the PeachCourt index show June 12, 2024 as the date of the final order denying him habeas relief. Noting that both his notice of appeal and his application for a certificate of probable cause to appeal were filed on July 12, 2024—the 30th day after June 12, 2024—he contends that this Court erred in dismissing his appeal.

But, there is nothing in § 15-6-11(b)(1) that requires a court's orders to be filed electronically. Instead, that sub-section deals with pleadings and filings "filed by an attorney," stating that: (1) after a date certain "all pleadings and any other document related thereto *filed by an attorney* to initiate a civil action or in a civil case in a superior court shall be filed" electronically and (2) "once a court has commenced mandatory electronic filings in civil cases, a clerk shall not accept, file, or docket any pleading or any other form of paper document related thereto *from an attorney* in a civil case" (emphasis supplied). Moreover, there is nothing in § 15-6-11, more generally, that requires the court or its clerk to electronically file a court's orders, and Davis has cited to no other statute, local standing order, or caselaw that would require electronic filing.

Further, Davis's argument that § 15-6-11(e) requires a court's order be deemed as filed "as of the time of its receipt by the electronic filing service provider" fails. As an initial matter, although courts routinely make their orders available to the parties in electronic form, § 15-6-11(e) does not expressly address the date a court's orders are deemed filed. Instead, it establishes the filing date for "[a]ny pleading or document filed electronically," and, as noted above, there is nothing in § 15-6-11(b)(1) or in § 15-6-11 more broadly to mandate that a court's orders must be "filed electronically." In addition, the date the judge *signed* the order was not the basis for this Court's timeliness decision. To obtain review of a final order in a habeas case, an unsuccessful habeas petitioner must file both an application for a certificate of probable cause to appeal in this Court and a notice of appeal in the habeas court "within 30 days from the *entry of* the order denying him relief." § 9-14-52(b) (emphasis supplied). And, appeals in habeas corpus cases are governed by the Appellate Practice Act, see OCGA § 9-14-52(a) ("[a]ppeals in habeas corpus cases brought under this article shall be governed by Chapter 6 of Title 5"), which expressly provides that "[t]he filing with the clerk of a judgment, signed by the judge, constitutes the entry of a

2

judgment." OCGA § 5-6-31. Here, contrary to Davis's argument that the judge's signed final order was merely "accepted into" the clerk's office on June 11, 2024, it actually was filed with the clerk's office on that date, as is evidenced by the "filed stamp" prominently displayed on the last page of the order. For that reason, June 11, 2025 was the "entry of the judgment" being appealed in this case and Davis's appellate documents were not timely filed. Because compliance with § 9-14-52(b) is jurisdictional, the Court denies Davis's motion for reconsideration.

*All the Justices concur.*

**SUPREME COURT OF THE STATE OF GEORGIA**
Clerk's Office, Atlanta

I certify that the above is a true extract from the minutes of the Supreme Court of Georgia.
Witness my signature and the seal of said court hereto affixed the day and year last above written.

_____ , Clerk